IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. ROCKY M. WHITE

**Appeal from the Circuit Court for Madison County
No. 91-53, 92-515, 93-945, 93-1133, 93-1134, 93-1135, 93-1136, 93-1137
Donald H. Allen, Judge**

———————————————————

**No. W2016-00283-CCA-R3-CD – Filed January 31, 2017**

———————————————————

Pro se Petitioner, Rocky White, appeals from the Madison County Circuit Court's summary dismissal of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Because the sentences in this action have expired, we affirm the judgment of the trial court pursuant to Rule 20 of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Rocky M. White, Forrest City, Arkansas, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 23, 1994, the Petitioner plead guilty in Madison County Case Nos. 93-945, 93-1133, 93-1134, 93-1135, 93-1136, 93-1137 and Chester County Case No. 3355. The Petitioner received a total effective sentence of twelve years for the Chester County Case and ten years for the Madison County Case No. 93-1137, to be served concurrently, but consecutive to Madison County Case Nos. 92-515 and 91-53. The record does not include any information regarding, nor does the Petitioner challenge Case Nos. 92-515 and 91-53. On September 18, 2015, the Petitioner filed a "Pro Se Motion to Correct

Illegal Sentence Pursuant to [Tennessee Rule of Criminal Procedure] 36.1" arguing that the sentences in Madison County Case No. 93-1137 and Chester County Case No. 3355 were illegal because he was released on bail when he committed the offenses, which required the sentences to be served consecutively. On December 28, 2015, the trial court dismissed the Petitioner's motion because the Petitioner failed to state a colorable claim "since the alleged illegal sentences have expired." The Petitioner then filed a "Motion to Reconsider" on January 19, 2015, which the trial court denied on the same grounds. The Petitioner filed a notice of appeal on February 10, 2016.

The Petitioner argues that the trial court erred in dismissing his "Motion to Reconsider" because Rule 36.1 states that "at any time" a Petitioner can seek correction of an illegal sentence." The Petitioner relies on this Court's opinion in State v. Kevin M. Thompson for the proposition that Rule 36.1 does not "exempt its applicability to 'expired sentences.'" State v. Kevin M. Thompson, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *4 (Tenn. Crim. App. Apr. 1, 2015). The Petitioner further argues that his sentences were illegal "on the face of the judgment" and that they were later used to enhance his sentence in an unrelated federal case. The State argues, and we agree, that the trial court properly dismissed the Petitioner's Rule 36.1 motion.

As an initial matter, we must address the timeliness of the Petitioner's notice of appeal. The order dismissing the Petitioner's motion was filed on December 28, 2015, and the Petitioner's notice of appeal was filed on February 10, 2016. The Petitioner's motion to reconsider did not toll the thirty-day filing period required by Tennessee Rule of Appellate Procedure 4(a). See Ivory v. State, No. W2015-00636-CCA-R3-PC, 2015 WL 6873474, at *2 (Tenn. Crim. App. Nov. 9, 2015). ("A motion to reconsider is not one of the specified motions in Tennessee Rule of Appellate Procedure 4(c)."); See also Tenn. R. App. P. 4(c). Accordingly, his notice of appeal was untimely by fourteen days; nevertheless, we will review his appeal on the merits. See Tenn. R. App. P. 4(a) ("[I]n all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice.").

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (stating that "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired."). A colorable claim is "a

claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

Taking the Petitioner's assertions as true and viewing them in the light most favorable to him, the Petitioner is not entitled to relief because his alleged illegal sentences have expired. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (holding that Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences). The record shows that the Petitioner received an effective sentence of twelve years' incarceration on May 23, 1994. At most, the Petitioner's sentence was set to expire at some point in 2006. On September 18, 2015, almost ten years after his sentences expired, the Petitioner filed his Rule 36.1 motion. The Petitioner's motion and brief rely on cases that have been effectively overruled by State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). Moreover, Rule 36.1 has been amended and now states that "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a)(1) (amendment effective July 1, 2016). The Petitioner is therefore not entitled to relief.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE